Marc J. Randazza (NV Bar No. 12265)
Alex J. Shepard (NV Bar No. 13582)
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Suite 100
Las Vegas, NV 89118
Telephone: (888) 887-1776
Email: ecf@randazza.com

Attorneys for Creditor
Beebe Law, PLLC

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>GLOBAL AVIATION INSTITUTE, LLC dba CHECKRIDE PREP, a Nevada limited liability company,<br><br>Debtor. | Case No. BK-S-23-11785-MKN<br>Chapter 7<br><br>**BEEBE LAW, PLLC'S RESPONSE TO TRUSTEE'S MOTION TO COMPEL BEEBE LAW, PLLC TO COMPLY WITH SUBPOENA AND FOR TURNOVER OF BANKRUPTCY ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542**<br><br>Date of Hearing: September 27, 2023<br>Time of Hearing: 2:30 p.m.<br>Place: Courtroom No. 2, Third Floor<br>       Foley Federal Building<br>       300 Las Vegas Blvd., S.<br>       Las Vegas, NV 89101<br>Judge: Honorable Mike K. Nakagawa[1] |

Beebe Law, PLLC ("Beebe Law"), an Arizona-based law firm and named Creditor in this matter, through undersigned counsel, Marc J. Randazza of Randazza Legal Group, PLLC, hereby submits its response to Shelley D. Krohn's (the "Trustee") Motion to Compel Beebe Law, PLLC to Comply with Subpoena and for Turnover of Bankruptcy Estate Property Pursuant to 11 U.S.C. § 542 (Doc. 29) (the "Motion").

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules."

This Response is based upon the following Memorandum of Points and Authorities and the *Declaration of Anette Beebe in Support of Beebe Law, PLLC's Response to Trustee's Motion to Compel Beebe Law, PLLC to Comply with Subpoena and for Turnover of Bankruptcy Estate Property Pursuant to 11 U.S.C. § 542* ("Beebe Declaration" or "Beebe Dec."), which is attached hereto as **Exhibit 1**.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

The nature of the dispute that is the subject of the Trustee's Motion is not in controversy. As identified by the Trustee, Beebe Law is one of the former law firms that represented Debtor Global Aviation Institute, LLC, *and other defendants*, in a matter that was pending in the United States District Court for the District of Arizona (the "Arizona Case"). Debtor disclosed the Arizona Case in its Petition for Bankruptcy (Doc. 1)[2] and testified, during a meeting of creditors hearing pursuant to 11 U.S.C. § 341, that Anette Beebe[3] of Beebe Law was former counsel to the Debtor in that case. Debtor, by naming Beebe Law as a Creditor in this matter, and other actions, has placed Ms. Beebe and Beebe Law in a precarious position – arguably one that is in direct conflict with former clients. Circumstances in this matter have led the Trustee to broadly subpoena Beebe Law's records relating to its former representation of Debtor.

In response to the subject subpoena, and given the fact that Beebe Law engaged in joint representation of multiple defendants at the time, including an individual, and the fact that Ms. Beebe has never had to address such a situation before, Ms. Beebe reached out to the State Bar of Arizona's Ethics Department. Ms. Beebe subsequently advised the Trustee's counsel that Beebe Law would need a court order in effort to avoid risk of violation of the Arizona Rules of Professional Conduct.

Beebe Law understands that this Motion, subsequent filings, and related hearing is a procedural process for which the Court may have an opportunity to consider the specific

---

[2]  All references to "Doc." are the numbers assigned to the documents filed in this case as they appear on the docket maintained by the clerk of the Court.
[3]  Anette Beebe is the sole member of Beebe Law, PLLC. See Beebe Dec. at ¶ 3.

circumstances of this situation and, if appropriate, enter an appropriate final order excusing Ms. Beebe and Beebe Law from the applicable Ethical Rules and compelling Beebe Law to produce some or all of the documents requested in the subject Subpoena should it deem it necessary.

## II.  JURISDICTION AND VENUE

Beebe Law agrees with the Trustee's position in her Motion relating to Jurisdiction and Venue. This Court has jurisdiction over the bankruptcy case and the subject matter of this Motion pursuant to 28 U.S.C. § 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9014.2, if the Court determines that absent consent of the parties the Court cannot enter final orders or judgment regarding the Motion consistent with Article III of the United States Constitution, Beebe Law consents to the entry of final orders and judgment by this Court. Venue before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.

## III.  STATEMENT OF FACTS

Beebe Law does not contest the Trustee's statement of facts as outlined in her Motion and believes them to be true and correct. Additionally, Beebe Law states as follows:

1.  Beebe Law is a solo small business and internet law firm based in Phoenix, Arizona. Beebe Dec. at ¶ 3.

2.  As disclosed by Debtor in its Petition for Bankruptcy (Doc. 1), and through testimony during a meeting of creditors hearing,[4] Beebe Law was one of the law firms hired by Debtor, Global Aviation Institute, LLC ("Debtor"), and other parties, to represent its interests in a matter that was pending in the United States District Court for the District of Arizona. *Id*. at ¶ 5.

3.  Debtor named Beebe Law as one of the many Creditors in this bankruptcy. *Id*. at ¶ 6.

4.  Ms. Beebe generally advised Trustee that Debtor should have copies of all of the communications between Debtor and Beebe Law, including the retention agreement, invoices, and

---

[4] Anette Beebe, on behalf of Beebe Law, and in exercising its creditor's rights, has been in attendance at various meeting of the creditors hearings, or "341 hearings," in reference to hearings held pursuant to 11 U.S.C. § 341.

1. that the related court filings are obtainable through the ECF system for the District of Arizona. *Id*. at ¶ 7.

5. Nevertheless, circumstances in this matter have led the Trustee to want to subpoena Beebe Law's records relating to its former representation of Debtor. *Id*. at ¶ 8.

6. On July 19, 2023, the Trustee provided Beebe Law with a letter and subpoena, which Ms. Beebe had agreed to accept service of electronically. A true and accurate copy of that subpoena and letter is attached as Exhibits 1 and 2 to the *Declaration of Shelley D. Krohn in Support of Motion to Compel Beebe Law, PLLC to Comply with Subpoena and for Turnover of Bankruptcy Estate Property Pursuant to 11 U.S.C. § 542*. Beebe Dec. at ¶ 9; Docs. 30-1 & 30-2.

7. Upon receipt of the subpoena, and being faced with such a situation for the first time, Ms. Beebe reached out to the State Bar of Arizona Ethics Department. Subsequently, Ms. Beebe advised Trustee of ethical concerns and requested a court order in an effort to comply with obligations under Arizona Rules of Professional Conduct. Beebe Dec. at ¶ 10.

8. Beebe Law, in a good faith effort to provide notice to the affected parties (its former clients) regarding the Trustee's subpoena so that they may have the opportunity to appear and object, emailed the former clients, including Debtor, on July 24, 2023, about the subpoena and included a copy of the same. *Id*. at ¶ 11.

9. To date, Beebe Law has not received a response to the emailed notice about the subpoena. *Id*. at ¶ 12.

10. Similarly, Beebe Law has not received any sort of system notice that the subject email about the Subpoena was undeliverable to any of the email addresses the communication was sent to. *Id*. at ¶ 13.

11. In the course of her representation of these former clients, Beebe Law regularly sent communications to these email addresses and received responses from them. *Id*. at ¶ 14.

## IV. LEGAL ARGUMENT

### A. Beebe Law has a Duty to Invoke E.R. 1.6(a) re: Attorney-Client Privilege and Duty of Confidentiality.

Ms. Beebe and Beebe Law are bound by the Arizona Rules of Professional Conduct (Rule 42 of the Arizona Supreme Court Rules) ("Ethical Rules" or "E.R.").

E.R. 1.6(a) states, "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted or required by paragraphs (b), (c) or (d), or E.R. 3.3(a)(3)[5]."

All, or nearly all, of the requested documents qualify as "information relating to the representation" subject to E.R. 1.6. The subject ethics opinion – titled "Confidentiality; Subpoenas" – in instances where a lawyer is requested, by subpoena, to disclose information relating to his representation of a client, when the client does not authorize the disclosure, construes E.R. 1.6 to require and attorney to "invoke E.R. 1.6(a) and refuse to disclose information relating to the representation of the client…" Ariz. State Bar Ethics Op. 00-11 (November 2000).

Moreover, under Arizona law, the attorney-client privilege and the duty of confidentiality are treated as separate concepts. See generally, *State v. Beasley*, 2020 Ariz. Super. LEXIS 528, *5, citing *State v. Fodor*, 179 Ariz. 442, 448, 880 P.2d 662, 668 (App. 1994) ("The duty of client confidentiality as well as the attorney-client privilege are both well-established …"). Further, "an attorney's ethical duty of confidentiality is even broader than the attorney-client privilege." *State v. Beasley*, 2020 Ariz. Super. LEXIS 528, *5, citing, e.g., *Samaritan Foundation v. Goodfarb*, 176 Ariz. 497, 506, 862 P.2d 870, 879 (1993) (unless a client consents, a lawyer may not be required to disclose communications made by the client to the lawyer or advice given to the client in the course of professional employment).

---

[5] E.R. 3.3(a) states, in pertinent part, "[a] lawyer shall not knowingly: (3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client or a witness called by the lawyer has offered material evidence and the lawyer comes to know if its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal…"

While other exceptions may be applicable, E.R. 1.6(d) states, "[a] lawyer may reveal such information relating to the representation of a client to the extent the lawyer reasonably believes necessary: (5) to comply with other law or a *final order* of a court or tribunal of competent jurisdiction directing the lawyer to disclose such information." (emphasis of italics added). For application of the Ethical Rules exception, "[a] subpoena is not a final order." Ariz. State Bar Ethics Op. 00-11, pg. 5 (November 2000).

The Trustee takes the position that it is entitled to the requested documents because it stands in the shoes of the Debtor here and may waive the attorney/client privilege. *Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343 (1985) (holding that the trustee of a corporation in bankruptcy has the power to waive the corporation's attorney-client privilege with respect to communications that took place before the filing of the petition in bankruptcy). This argument overlooks a crucial detail, however: the Debtor is not the only party in the underlying litigation that Beebe Law represented. Beebe Law represented multiple other companies that have not declared bankruptcy or waived the attorney-client privilege. Beebe Dec. at ¶ 15.

Beebe Law at times provided legal advice to multiple clients in the underlying litigation at the same time in the form of group emails and other written correspondence. *Id*. at ¶ 16. These communications were confidential and privileged, as they consisted of Beebe Law providing legal advice to its clients and they occurred among co-Defendants in the underlying litigation. *Id*. at ¶ 17. As explained below, the subpoena thus requests information that implicates the attorney-client privilege between Beebe Law and these other clients, obligating it to assert this privilege on their behalf under E.R. 1.6(a).

Notwithstanding the foregoing, "even in the case of the invocation of E.R. 1.6(a), the attorney is still ethically obligated to comply with a final order rendered by a court or tribunal of competent jurisdiction when ordered to disclose confidential information." Ariz. State Bar Ethics Op. 00-11 (November 2000). This is true in light of E.R. 8.4, which states: "[i]t is professional misconduct for a lawyer to: (d) engage in conduct that is prejudicial to the administration of justice." It would arguably be misconduct and a violation of E.R. 8.4 to ignore or otherwise

disregard a Court order. *See, e.g., In Re Zawanda*, 92 P.3d 862 (Ariz. 2004) ("ABA *Standard* 6.22 recommends that suspension be imposed when a lawyer 'knowingly' disobeys a court order or rule").

### B.     The Subpoena is Overbroad.

The subpoena is overbroad primarily in two respects: (1) its scope does not comport with the statutory bases cited in Trustee's Motion; and (2) it seeks attorney-client privileged communications and confidential attorney work product that over which privilege has not been waived.

Trustee's Motion is substantively premised on 11 U.S.C. § 542(e) and NRS 7.055. § 542(e) provides that the court may order an attorney to turn over documents, information, and records to the trustee "[s]ubject to any applicable privilege." Importantly, this Rule only grants the Court authority to order disclosure of information "relating to the debtor's property or financial affairs." *Id*. It cannot be a freewheeling license to disclose all information related to the legal representation of a client.

The Trustee asserts that the scope of 11 U.S.C. § 541 is broad enough to encompass all documents sought in the subpoena. This is problematic for two reasons. First, § 541 is not a statutory basis for requesting information from Beebe or for the Court to order production of information; it is a list of definitions for various forms of property that make up the bankruptcy estate. That basis is found in § 542(e), which is much more limited in scope. Second, § 541 defines various forms of property belonging to the bankruptcy estate in terms of property in which the Debtor has an ownership interest. But under NRS 7.055, the Debtor has no such interest in his litigation file.

NRS 7.055(1) provides that "[a]n attorney who has been discharged by his or her client shall, upon demand and **payment of the fee due from the client**, immediately deliver to the client all papers, documents, pleadings and items of tangible personal property which belong to or were prepared for that client" (emphasis added). The Trustee's position, that that Debtor's file is part of the bankruptcy estate, is plainly wrong. NRS 7.055 does not apply here because Beebe Law has

not received "payment of the fee due from the client." Debtor still owes Beebe Law attorneys' fees for work Beebe Law performed for Debtor, which is why Beebe Law was listed as a creditor in this action. Beebe Dec. at ¶ 17. Due to this lack of payment, neither the Debtor nor the Trustee have an ownership interest in Debtor's file under NRS 7.055. The broad scope of 11 U.S.C. § 541 thus has no application here, and the subpoena is much broader than what the plain language of 11 U.S.C. § 542(e) allows. This is in addition to any order under § 542(e) being "subject to any applicable privilege."

Given the broad scope of the subpoena, there are numerous responsive communications that implicate the attorney-client privilege between Beebe Law and its other clients in the underlying litigation. For example, the subpoena requests "all Communications . . . between [Beebe Law] and any party relating or referring to [Beebe Law's] representation of the Debtor including, but not limited to, electronic mail or any other written correspondence." Doc. 30-1 at 7, Request No. 2.[6] This request seeks documents reflecting privileged communications with Beebe Law's other clients, as explained above. Beebe Dec. at ¶ 19.

The subpoena thus implicates the attorney-client privilege not only between Beebe Law and Debtor, but also between Beebe Law and several other entities. The Trustee has not waived, and cannot waive, the privilege as to these other entities. Some of the requested information may implicate only the attorney-client privilege between Beebe Law and the Debtor, but as drafted the subpoena seeks documents and information to which the privilege applies and has not been waived. The subpoena must be limited not to require disclosure of any such privileged, non-waived documents and information.

V.     **CONCLUSION**

The Trustee's subpoena is both overbroad and seeks privileged information. For the forgoing reasons, Beebe Law respectfully requests that this Court: (i) resolve the dispute by

---

[6] The subpoena also requests "all Documents . . . relating or referring to [Beebe's] legal representation of the Debtor in any capacity including, but not limited to, retention agreements, pleadings, legal research, or memoranda." *Id*. at Request No. 4. At the very least, this request seeks legal memoranda that constitute legal advice to entities other than the Debtor. These are thus attorney-client privileged communications and attorney work product, and no waiver has occurred.

determining if, under the circumstances, Beebe Law shall be required to comply with Trustee's Subpoena in full, in part, or not at all; (ii) enter a final order with respect to the same; (iii) if Beebe Law is to produce any documents pursuant to the Court's Order, enter an order excusing Ms. Beebe and Beebe Law from the applicable Ethical Rules relating to Trustee's Subpoena and Motion; (iv) provide Beebe Law a reasonable amount of time (not less than three weeks)[7] in which to compile and provide documents to the Trustee; and (v), for any such other and further relief that the Court finds just and appropriate.

Dated: September 12, 2023.

Respectfully Submitted,

/s/ Alex J. Shepard
Marc J. Randazza, NV Bar No. 12265
Alex J. Shepard, NV Bar No. 13582
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Suite 100
Las Vegas, Nevada 89118

Attorneys for Creditor
Beebe Law PLLC

---

[7] This request is made based upon the fact that Ms. Beebe is currently scheduled to be out of the country until the first week of October and it is anticipated that pulling together and organizing them may require some time. Beebe Dec. at ¶ 20.

Case No. BK-S-23-11785-MKN

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 12, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Alex J. Shepard
ALEX J. SHEPARD