Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@houmandlaw.com
Bradley G. Sims, Esq. (NV Bar No. 11713)
Email: bsims@houmandlaw.com
HOUMAND LAW FIRM, LTD.
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

*Electronically Filed On: September 20, 2023*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>GLOBAL AVIATION INSTITUTE LLC DBA CHECKRIDE PREP,<br><br>Debtor. | Case No. BK-S-23-11785-MKN<br>Chapter 7<br><br>**REPLY TO BEEBE LAW, PLLC'S RESPONSE TO TRUSTEE'S MOTION TO COMPEL BEEBE LAW, PLLC TO COMPLY WITH SUBPOENA AND FOR TURNOVER OF BANKRUPTCY ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542**<br><br>Date of Hearing:    September 27, 2023<br>Time of Hearing:    2:30 p.m.<br>Place: Courtroom No. 2, Third Floor<br>       Foley Federal Building<br>       300 Las Vegas Blvd., S.<br>       Las Vegas, NV 89101<br><br>Judge: Honorable Mike K. Nakagawa[1] |

Shelley D. Krohn (the "Trustee"), the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case, by and through her counsel, Jacob L. Houmand, Esq. and Bradley G. Sims, Esq. of the Houmand Law Firm, Ltd., hereby submits this *Reply to Beebe Law, PLLC's Response to Trustee's Motion to Compel Beebe Law, PLLC to Comply With Subpoena and for*

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

*Turnover of Bankruptcy Estate Property Pursuant to 11 U.S.C. § 542* (the "Reply").

The Reply is based on the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any argument that may be entertained at the hearing on the *Motion to Compel Beebe Law, PLLC to Comply With Subpoena and for Turnover of Bankruptcy Estate Property Pursuant to 11 U.S.C. § 542* [ECF No. 29] (the "Motion").[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

On September 19, 2023, Beebe Law, PLLC ("Beebe") filed its *Response to Trustee's Motion to Compel Beebe Law, PLLC to Comply With Subpoena and for Turnover of Bankruptcy Estate Property Pursuant to 11 U.S.C. § 542* [ECF No. 38] (the "Response") and argues: (a) the Subpoena[3] is overbroad; (b) Beebe cannot produce documents responsive to the Subpoena because its representation of the Debtor involved other parties that have not waived their attorney-client privilege; and (c) Beebe requests at least three weeks to respond to the Subpoena if the Court grants the Motion.

First, the Subpoena is not overly broad because it requests the production of documents related to Beebe's representation of the Debtor in the litigation captioned *Pilot Institute, LLC v. Checkride Prep, LLC* (Case No. 3:21-CV-08166) (the "Litigation") that was filed in the U.S. District Court for the District of Nevada. The Litigation contained allegations that the Debtor was, among other things, engaged in unfair competition and false advertising related to the operation of its business. Since this litigation was primarily concerned with the Debtor's business practices, the information in the client file would necessarily relate to the Debtor's property and financial affairs. While such documents would normally be covered by the attorney-client privilege, the Trustee has waived the attorney-client privilege between the Debtor and Beebe.

---

[2] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-referenced bankruptcy case, including adversary proceedings, pursuant to Federal Rule of Evidence 201, incorporated by reference by FRBP 9017.

[3] Unless otherwise provided herein, all defined terms shall have the same meaning ascribed to them in the Motion.

Second, the fact that Beebe also represented multiple parties in the Litigation does not excuse it from producing the documents requested by the Trustee because of the adversary exception to the joint-client privilege.

Finally, the Trustee does not oppose Beebe's request to have a three-week period of time to respond to the Subpoena.

## II.   LEGAL ARGUMENT

**A.   The Subpoena Is Not Overbroad and Is Narrowly Tailored to Request Documents Pertinent to the Debtor's Bankruptcy Filing**

The Response argues, without any support, that the Subpoena is overbroad. It is important to note, however, that the Subpoena has been narrowly tailored to request only those documents related to Beebe's representation of the Debtor in the Litigation. The Litigation included allegations that the Debtor was engaged in false advertising and unfair competition. As a result, the Subpoena and request for turnover of documents is not overbroad and is directly related to the Debtor's business operations and, therefore, its financial affairs.

**B.   Beebe's Joint Representation of Multiple Parties Does Not Excuse Its Obligation to Respond to the Subpoena and the Trustee's Request for Turnover**

The Trustee seeks an order compelling Beebe to produce documentation relating to its representation of the Debtor in the Litigation. These documents were requested pursuant to a subpoena and request for turnover pursuant to Section 542(e) and were made after the Trustee had waived the attorney-client privilege between the Debtor and Beebe. Beebe does not appear to contest the Trustee's ability to waive the attorney-client between itself and the Debtor, but argues that it is precluded from producing documents that are related to its joint representation of the Debtor and other parties in the Litigation.

The Honorable Bruce Markell addressed nearly an identical factual scenario in *In re Hotels Nevada, LLC*, 458 B.R. 560 (2011) and held that the adversary exception to the joint-client privilege applied in a motion for turnover pursuant to Section 542(e). In that case, the chapter 7 trustee in jointly administered bankruptcy cases sought turnover of information related to estate property held by a law firm that had provided pre-petition representation to debtors and their non-

-3-

debtor affiliates. The law firm, like Beebe, objected and claimed the attorney-client privilege on behalf of the debtors' former principal and his management company. The court held, among other things, that the joint privilege did not apply because of the adversary exception[4]:

> The adversary exception does apply here. The Trustee is seeking turnover under Section 542(e); SDW admits as much by invoking the same section as a defense. Normally, an action seeking "to recovery money or property" must be commenced by an adversary proceeding, which SDW concedes would be sufficient to satisfy the exception. FED. R. BANKR. P. 7001(1). That same rule, however, makes an exception for such "a proceeding to compel the debtor to deliver property to the trustee. . ." [citation omitted].
>
> As the attorney is simply an agent of the client, it follows that an attorney for the debtor is covered by this exception. And this proceeding, although a contested matter, is decidedly an action by the trustee against an agent of the debtor for purposes of Rule 7001(1). As such, the lack of an adversary proceeding is not determinative. In order to secure the files and items covered by Section 542, the Trustee has had to issue a subpoena under Rule 9016. That action, necessitated by SDW's torpid response to the Trustee's efforts to gain access to the estates' files at SDW, injects the necessary adversary nature into the proceedings.
>
> The court thus concludes that there is no basis for SDW to invoke the attorney-client privilege on Habash's behalf.

*Id*. at 573.

Just as in *Hotels Nevada,* LLC, the joint-client privilege does not apply because of the adversary exception. The Trustee is requesting that Beebe produce documents pursuant to a subpoena and Section 542(e). As a result, Beebe is required to produce the documents sought in the Subpoena even if they are related to the joint representation of the Debtor and other parties in the Litigation.

Beebe also argues that the Debtor's file is not property of the Debtor's bankruptcy estate under N.R.S. § 7.055(1) because the Debtor has not paid the attorneys' fees owed to Beebe. *See* Response, p. 7, ll. 23-27. N.R.S. § 7.055(1) provides that "[a]n attorney who has been discharged

---

[4] The court also held that the law firm had failed to properly invoke the joint-client privilege and that certain items requested by the chapter 7 trustee were not covered by the attorney-client privilege.

-4-

by his or her client shall, upon demand and payment of the fee due from the client, immediately deliver to the client all papers, documents, pleadings and items of tangible personal property which belong to or were prepared for that client." The failure of a client to pay attorneys' fees, however, does not alter the fact that a client file prepared by an attorney is a client's property under Nevada law. *See In re Hotels Nevada, LLC*, 458 B.R. 560, 566 (2011). Moreover, even if the client file was somehow not property of the Debtor's bankruptcy estate, it would still be subject to turnover pursuant to Section 542(e). This is because Section 542(e) applies to "books, documents, records, and papers, *relating to* the debtor's property or financial affairs . . . ." 11 U.S.C. § 542(e) (emphasis added); *see also Hotels Nevada, LLC,* 458 B.R. at 579, fn. 5 ("Although an action for turnover under § 542(a) requires that the information requested be property of the estate, there is no such requirement in § 542(e). Section 542(e) extends to "recorded information . . . relating to the debtor's property or financial affairs." Therefore, whether the files constitute property of the estate is irrelevant to the determination of whether turnover is property under § 542(e).").

For these reasons, this Court should enter an order compelling Beebe to produce the documents requests in the Subpoena.

**C.   The Trustee Does Not Oppose Beebe's Request for A Three-Week Period of Time to Respond to the Subpoena**

The Response requests that the Court provide it with a reasonable period of time to respond to the Subpoena if the Motion is granted. Specifically, Beebe has requested that the Court provide it with at least three weeks to respond to the Subpoena. The Trustee does not oppose Beebe's request to allow it three weeks to produce documents responsive to the Subpoena if the Court grants the Motion.

. . .

. . .

. . .

. . .

. . .

-5-

### III. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order: (i) disregarding the arguments raised in the Response; (ii) compelling Beebe to produce any and all documents that are responsive to the requests in the Subpoena; (iii) compelling Beebe to turn over the complete Litigation File to the Trustee; and (iv) for such other and further relief as is just and proper.

Dated this 20th day of September, 2023.

**HOUMAND LAW FIRM, LTD.**

By: */s/ Jacob L. Houmand*
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Bradley G. Sims, Esq. (NV Bar No. 11713)
9205 West Russell Road, Building 3, Suite 240
Las Vegas, NV 89148
Telephone: 702/720-3370
Facsimile:  702/720-3371

*Counsel for Shelley D. Krohn, Chapter 7 Trustee*

-6-